# HUYLER'S *v.* HOUSTON.

POLICE COURT; JURISDICTION; CRIMINAL LAW; FOOD ADULTERATION.

Though not a court of the United States under the Federal Constitution (Citing *United States* v. *Mills,* 11 App. D. C. 500), the police court of the District of Columbia is "a proper court of the United States" in the sense in which that phrase is used in sec. 5 of the food and drugs act of June 30, 1906 (34 Stat. at L. 768, chap. 3915, U. S. Comp. Stat. Supp. 1911, p. 1354), which prescribes the duties of United States district attorneys relative to the institution of prosecutions for selling or offering for sale adulterated food,—in view of sec. 43, D. C. Code [31 Stat. at L. 1196, chap. 854], which confers upon the police court original jurisdiction concurrently with the supreme court of the District, of crimes and offenses committed in the District not capital or otherwise infamous, and not punishable by imprisonment in the penitentiary, except libel, conspiracy, and violation of the postoffice and pension laws of the United States.

No. 2595. Submitted January 6, 1914. Decided February 2, 1914.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia sustaining a demurrer to a bill in equity to enjoin the defendant, the Secretary of Agriculture, from publishing a notice of a judgment of the police court of the District of Columbia, imposing a fine upon the plaintiff for an alleged violation of the pure food act.         *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree of the supreme court of the District, sustaining appellee's demurrer and dismissing appellant Huyler's bill for an injunction to restrain David F. Houston, the appellee, the Secretary of Agriculture, from publishing (pursuant to sec. 4 of the so-called food and drugs act of June 30, 1906, 34 Stat. at L. 768, chap. 3915, U. S. Comp. Stat. Supp. 1911, p. 1354), notice of a judgment in the police court of the District of Columbia, imposing a fine of $200 upon appellant after conviction of the offense of offering for sale and selling an adulterated article of food.

Sec. 4 of said act provides that a chemical examination of specimens of foods and drugs shall be made in the bureau of chemistry of the Department of Agriculture, or under the direction and supervision of that bureau, for the purpose of determining whether such articles be adulterated or misbranded within the meaning of the act, and if the result of that examination shows adulteration or misbranding it is made the duty of the Secretary to notify the party from whom the sample was obtained. Thereupon the party so notified is given an opportunity to be heard, and if, after hearing, it appears that any of the provisions of the act have been violated by such party, it is made the duty of the Secretary at once to "certify the facts to the *proper United States district attorney,* with a copy of the results of the analysis or the examination of such article duly authenticated by the analyst or officer making such examination, under the oath of such officer. *After judgment of the court, notice shall be given by publication in such manner as may be prescribed by the rules and regulations aforesaid."* Sec. 5 of the act makes it the duty of each district attorney to whom such a violation shall be reported by the Secretary "or to whom any health or food or drug officer, or agent of any State, Territory, or the District of Columbia shall present satisfactory evidence of any such violation, to cause appropriate proceedings to be commenced and prosecuted in the *proper courts of the United States* without delay for the enforcement of the penalties as in such case herein provided."

*Mr. H. H. Boyesen, Mr. Carl J. F. Graff,* and *Mr. F. Edward Mitchell,* for the appellant:

1. The duty of the Secretary of Agriculture to give notice of judgment is a purely ministerial duty, and is one in which he has no discertion or judgment. *Noble* v. *Union River Logging R. Co.* 147 U. S. 165–171; *Board of Liquidation* v. *McComb,* 92 U. S. 531–541; *Smith* v. *Reynolds,* 9 App. D. C. 261–287; *Payne* v. *United States,* 20 App. D. C. 581; *Roberts* v. *Consaul,* 24 App. D. C. 551–562.

2. The act not one of discretion and judgment, if void, may be attacked collaterally. *Thompson* v. *Whitman,* 18 Wall. 457; *Elliott* v. *Peirsol,* 1 Pet. 328–340; *Moore* v. *Edgefield,* 32 Fed. 498; *Miller* v. *Miller,* 1 Bail. L. 244; *James* v. *Smith,* 2 S. C. 188; *Freeman,* Judgm. 188; *Voorhees* v. *Bank of United States,* 10 Pet. 449; *Culver's Appeal,* 48 Conn. 165; 23 Cyc. 1059; *Gaudy* v. *State,* 86 Ala. 20; *Myers* v. *State,* 92 Ind. 390; *Johnson* v. *State,* 39 Tex. Crim. Rep. 625; *Thompson* v. *Whitman,* 18 Wall. 457; *Moore* v. *Edgefield,* 32 Fed. 498; *Farmers, etc., Trust Co.* v. *McKinney,* 6 McLean, 1, Fed. Cas. No. 4,667; *Lincoln* v. *Tower,* 2 McLean, 473, Fed. Cas. No. 8,355; *J. B. Watkins Land, etc. Co.* v. *Mullen.* 8 Kan. App. 705; *Beaudrot* v. *Murphy,* 53 S. C. 118; *Withers* v. *Patterson,* 27 Tex. 491; *Tenney* v. *Taylor,* 1 App. 223.

3. The police court not a court of the United States—its judgment void. *Canter* v. *Insurance Co.* 1 Pet. 511; *Capital Traction Co.* v. *Hof,* 174 U. S. 1–16; *Moss* v. *United States,* 23 App. D. C. 475, 482; *McAllister* v. *United States,* 141 U. S. 174.

*Mr. Clarence R. Wilson,* United States Attorney for the District of Columbia, and *Mr. Reginald S. Huidekoper,* Assistant, for the appellee:

The police court is "a proper court of the United States" within the meaning of the food and drugs act. *Frank* v. *United States,* 192 Fed. 864; *United States* v. *Mills,* 11 App. D. C.

500; *Gassenheimer* v. *District of Columbia,* 6 App. D. C. 108, 115; *Capital Traction Company* v. *Hof,* 174 U. S. 1; *Moss* v. *United States,* 23 App. D. C. 475, 482; *James* v. *United States,* 202 U. S. 401; *Page* v. *Burnstine,* 120 U. S. 664; *Benson* v. *Henkel,* 198 U. S. 1, 14; *United States* v. *Sampson,* 19 App. D. C. 419, 437; *United States* v. *Baltimore & O. R. Co.* 26 App. D. C. 581.

Mr. Justice ROBB delivered the opinion of the Court:

The appellant was duly convicted in the police court of the District of Columbia, and fined $200, for offering for sale and selling adulterated maple sugar. It is the contention of the appellant that the police court is not a "proper court of the United States" within the meaning of said sec. 5 of the food and drugs act, and hence that the judgment of that court is absolutely void. This contention is easily met. Sec. 43 of the Code [31 Stat. at L. 1196, chap. 854] confers upon the police court original jurisdiction concurrently with the supreme court of the District, except where otherwise therein provided, "of all crimes and offenses committed in the said District not capital or otherwise infamous, and not punishable by imprisonment in the penitentiary, except libel, conspiracy, and violation of the postoffice and pension laws of the United States." The charge upon which appellant was prosecuted, being a first offense where the punishment may not exceed a fine of $200, was therefore within the jurisdiction of the police court. That the police court is a court of the United States, although not in the sense of the Constitution, has already been determined. *United States* v. *Mills,* 11 App. D. C. 500. The question here is not whether the police court is a court of the United States in the constitutional sense, but whether it is a "proper court of the United States," within the meaning of the food and drugs act. All other petty offenses against the United States, except those expressly reserved from its jurisdiction, are triable in that court, and no reason is perceived why one accused of adulterating food in this District is entitled to treatment different

than would be accorded him if accused of some other petty offense against the laws of the United States. When, therefore, Congress used the words "in the proper courts of the United States," we think it clear that it meant in the courts having jurisdiction of similar offenses. The police court was therefore a proper court within the meaning of this section.

Decree affirmed, with costs.                      *Affirmed.*